# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-10847
Summary Calendar

WILLIAM MICHAEL FLYNN; ARMINTA FLYNN

Plaintiffs-Appellants

v.

THE CIT GROUP, also known as Consumer Finance Inc; JOHN AND JANE
DOES 1 THROUGH 100, Personally and in their official capacities

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-2280

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

William Michael Flynn and Arminta Flynn filed this pro se lawsuit against
CIT Group/Consumer Finance, Inc. (CIT), and its unknown agents, personally
and in their official capacities. The Flynns sought $336,273,000, plus clear title
to real property on which CIT holds a mortgage, based on allegations that CIT
violated their rights to be treated equally under the United States Constitution.
The district court dismissed the Flynns' equal protection and 42 U.S.C. § 1983

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

constitutional claims against CIT, a private party, for failure to allege state action. The claims against CIT's unknown agents were dismissed because the complaint did not allege any actions by unknown individuals on which to base a right of recovery. The district court granted CIT's second motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), finding that the Flynns' amended complaint failed to comply with the pleading standards set forth in Federal Rule of Civil Procedure 8 and in the court's order for a more definite statement.

The Flynns argue that the district court erred in dismissing their equal protection and Section 1983 claims. They argue that CIT acts under color of law because of its relation with the SEC. They argue that the district court failed to recognize that CIT's relationship with the SEC is essentially symbiotic. The Flynns' legal argument is not tied to an allegation of facts that such a nexus exists between CIT and the SEC as to transform CIT's actions into state action. The district court did not err in dismissing this claim. See Norris v. Hearst Trust, 500 F.3d 454, 464 (5th Cir. 2007) (de novo review); Bass v. Parkwood Hosp., 180 F.3d 234, 241 (5th Cir. 1999) (state action requirement).

The Flynns argue that the district court erred in dismissing their claims against the known and unknown agents of CIT. They state that they cannot locate the cases they were relying upon for this issue. Claims not adequately argued in the brief are deemed abandoned on appeal. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). This issue was abandoned.

The Flynns argue that the district court erred in dismissing their breach of contract claim for failure to state a claim. They argue that the district court erred in dismissing the claim on the pleadings. They contend that they did not understand what the district court was expecting them to say in the amended complaint. They argue that the main issue is that the agreement was violated, and they have a right to a remedy. They contend that their complaint gave "enough factual matter to suggest the allegations." They argue that their short and plain statement of the claim raises a breach of contract issue, and that the

exhibits attached to the complaint support the claim that the defendant violated the agreement. They refer us to the former standard "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The "no set of facts" standard was recently rejected by the Supreme Court as overly favorable to deficient complaints. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 & n.8 (2007). A Federal Rule of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). While a complaint does not need detailed factual allegations to survive a motion to dismiss, factual allegations must support that a right to relief is neither speculative nor merely a conclusion. Twombly, 127 S. Ct. at 1964-65. In the "Breach of Contract" section of their amended complaint, the Flynns allege that CIT breached specific provisions of a "Settlement And Release Agreement" between the parties. They do not, however, allege sufficient facts to raise a right to relief above the speculative level. See id. Additionally, although the Flynns argue that the exhibits attached to their original complaint support that CIT violated the agreement, they do not allege how those exhibits substantiate their breach of contract claim. The district court did not err in dismissing the complaint for failure to state a claim. See id.

AFFIRMED.